**Mohammed Anowarul ISLAM,
Dulari Islam, Petitioners,**

v.

**UNITED STATES ATTORNEY GEN-**

---

1. Daigle made post-argument submissions, which we have reviewed.

ERAL Michael B. Mukasey,[1] U.S. Department of Justice, Respondents.

No. 07–2138–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2008.

David J. Rodkin, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Mohammed Anowarul Islam and Dulari Islam, natives and citizens of Bangladesh, seek review of the April 27, 2007 order of the BIA denying their motion to reopen. *In re Mohammed Anowarul Islam & Dulari Islam,* Nos. A73 676 479, A73 636 823 (B.I.A. Apr. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *id.* at 93.

The regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

that the Islams' November 2006 motion was untimely where the BIA issued its final order in September 2002. The Islams argue, however, that the BIA erred in denying their motion to reopen because they satisfied the "changed circumstances" exception to the ninety-day filing deadline.

The ninety-day filing deadline for motions to reopen does not apply where the motion is "based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the Islams argue that Mohammed's 2006 conviction "was politically motivated and that the conviction was a result of a change in circumstances occurring in Bangladesh, i.e., the assumption of power by the [BNP]." We find that the BIA reasonably determined that Mohammed's conviction did not indicate a change of circumstances in Bangladesh. Indeed, as the alleged charges that ultimately resulted in Mohammed's 2006 conviction had been brought in March 1995, his eventual conviction in the ongoing criminal proceedings did not constitute changed conditions in Bangladesh.[2] Accordingly, the BIA did not abuse its discretion in denying the Islams' motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

2. Although not discussed by the BIA, we note that the IJ considered Mohammed's assertion that the 1995 criminal charges against him were politically motivated, and the IJ ultimately found his testimony not credible. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA did not abuse its discretion in denying petitioner's motion to reopen due, in part, to his failure to rebut the adverse credibility determination that provided the basis for the IJ's denial of his underlying asylum claim). Moreover, in considering the Islams' two previous motions to reopen, the

BIA has reviewed country condition reports and determined that the BNP's 2001 rise to power did not amount to changed country conditions warranting the reopening of the Islams' case.

